# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

In the matter of:              )

                         )

STEPHEN M. COTTINGHAM   )

                         )

          *Debtor*         )

                         )

                         )

JENNIFER DAWN HARRIS     )

                         )

          *Movant*       )

                         )

                         )

v.                          )

                         )

STEPHEN MICHAEL COTTINGHAM,  )

and ELAINA MASSEY,         )

CHAPTER 13 TRUSTEE       )

                         )

         *Respondents*     )

Chapter 13 Case

Number <u>05-20209</u>

at **4** **30** **P** M
Date **5/25/05**

United States Bankruptcy Court
Savannah, Georgia

## ORDER ON MOTION FOR RELIEF FROM STAY

Debtor filed this Chapter 13 petition on February 7, 2005. This case comes before the Court on Jennifer Dawn Harris's ("Movant") Motion for Relief from Automatic Stay filed on March 14, 2005. This Court held a hearing on Movant's motion on April 6, 2005. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and enters the following Findings of Fact and Conclusions of Law in accordance with the directives of Federal Rule of Bankruptcy Procedure 7052.

AO 72A
(Rev. 8/82)

FINDINGS OF FACT

Debtor and Movant are divorced and have one child.  Debtor is required to pay $30.00 per week for support of the minor child pursuant to an Amended Final Order entered by the Superior Court of Glynn County on September 1, 2004, and effective nunc pro tunc to December 23, 2003.  Pl. Ex. 1.

Since the divorce, Debtor has been held in contempt by the Superior Court of Glynn County five times for failure to pay child support.  On January 13, 2004, the Superior Court found that Debtor was $4,767.06 in arrears on his child support payments.  Pl. Ex. 2. On February 3, 2004, the Superior Court issued a Lock Up Order instructing the Sheriff to hold Debtor in jail until he tendered $406.00.  Pl. Ex. 3.  On July 27, 2004, the Superior Court issued a Second Lock Up Order instructing that Debtor be incarcerated until he tendered $200.00.  Pl. Ex. 4.  On October 26, 2004, the Superior Court held Debtor in contempt for failure to pay and issued the Order on Fourth Application for Contempt.  Pl. Ex. 5.  On November 9, 2004, the Superior Court issued the Modification of Order on Fourth Application for Contempt in which it ordered that Debtor be incarcerated until he tendered $1,495.00.  Pl. Ex. 6.  Finally, on December 14, 2004, the Superior Court entered an Order on Fifth Contempt directing that Debtor be incarcerated until he tendered $2,749.06.  Pl. Ex. 8.  Debtor was arrested on December 14, 2004 pursuant to that Order, and he was still incarcerated when he filed this Chapter 13 petition on February 7, 2005.  Out of an abundance of caution, the Superior Court ordered that Debtor be released the following day and the contempt action stayed pending the bankruptcy proceeding.

2

According to Debtor, he was $4,149.06 delinquent on his child support payments to Movant when he filed his bankruptcy petition. Debtor listed this obligation on his Schedule E as an unsecured priority claim. He also listed a $1,000.00 claim to Movant's attorney on his Schedule F as an unsecured nonpriority claim. Debtor listed his total liabilities on his Summary of Schedules as $12,297.62.

When Movant filed this motion, Debtor had missed only one child support payment since filing his petition, and as of the hearing date the parties agreed that Debtor was current on his post-petition child support payments. Also at the hearing, Debtor represented to the Court that he had paid $80.00 to the Chapter 13 Trustee the day before. Despite this representation, the Chapter 13 Trustee has not received any payments from Debtor to date.

Movant argues that she will be irreparably damaged if the automatic stay is not lifted to allow her to pursue her state court remedies to collect the child support arrearage. Movant has been attempting to collect child support arrearage from Debtor for over a year.

## CONCLUSIONS OF LAW

After notice and a hearing, a court may grant relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d). In <u>Carver v. Carver</u>, 954 F.2d 1573 (11th Cir. 1992), the Eleventh Circuit applied the "domestic relations exception" to federal jurisdiction when it held that the bankruptcy court should have abstained from hearing an action brought by a debtor against his ex-wife for violation of the automatic stay. The court wrote, "[w]hen requested, such relief [from

3

the automatic stay] should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court." Carver, 954 F.2d at 1578. The court further wrote that it would be an injustice to require children to wait for confirmation of a Chapter 13 plan before allowing them their state right to collect past due support. Id. (quoting Caswell v. Lang, 757 F.2d 608, 610 (4th Cir. 1985)).

Courts argue that Carver has been limited and may not apply in situations like the one before the Court today. See, e.g., In re Fullwood, 171 B.R. 424, 427 (Bankr. S.D. Ga. 1994)(Walker, J.). Despite these criticisms, this Court has held that Carver has not been limited and remains good law. See Fraser v. Arnal (In re Arnal), Ch. 13 Case No. 03-40429, 2003 WL 21911212, at * 3 (Bankr. S.D. Ga. June 10, 2003)(Davis, J.).

In Fullwood, Judge Walker held that the automatic stay should not be lifted to permit debtor's ex-wife to enforce a pre-petition child support and attorney's fee obligation that had been reduced to judgment by the state court. Fullwood, 171 B.R. at 427-28. The court held that because the debt was acknowledged that it would not require the court to delve too deeply into family law to resolve the matter. Id. at 428.

Insofar as it appears in the opinion, the question before Judge Walker in Fullwood was essentially whether a bankruptcy court may permit a debtor to cure undisputed prepetition child support arrearage under a Chapter 13 plan or if the court was bound to allow the state court to enforce its judgment. The facts before the Court today are distinguishable and far

4

more egregious than those in <u>Fullwood</u>.  Whereas Debtor in this case has been held in contempt by the Superior Court of Glynn County five times, it is unclear whether the debtor in <u>Fullwood</u> had ever been held in contempt by the state court.

In the Order on Fifth Contempt, Judge Nichols of the Superior Court of Glynn County wrote of Debtor, "The court finds that Defendant holds this court in contempt." Pl. Ex. 8. In <u>Carver</u>, the Eleventh Circuit held that the bankruptcy court should have abstained in the interest of comity with the state court because the debtor was "clearly jailed as much for his repeated disregard for the orders of the Family Court as for the purpose of obtaining the arrearages." <u>Carver</u>, 954 F.2d at 1580.  Much like the state court in <u>Carver</u>, it is certain that the Superior Court of Glynn County has a strong interest in enforcing its Order.

Furthermore, it is evident to this Court that Debtor had an intent to abuse the judicial process and the purposes of the reorganization proceedings.  Debtor filed this Chapter 13 petition in order to be released from jail where he was being held for failure to pay his child support.  Despite the protections given to him by the Bankruptcy Code, Debtor is not funding his bankruptcy plan.  Although he represented otherwise to the Court, Debtor has not made a single payment to the Chapter 13 Trustee since the filing of his case.  In this case, it appears as though bankruptcy is being misused as a weapon in an ongoing battle between former spouses. *See* <u>In re Rogers</u>, 164 B.R. 382, 390 (Bankr. N.D. Ga. 1994).

It is clear that the case before the Court today justifies application of the domestic

✎AO 72A
(Rev. 8/82)

relations exception to federal jurisdiction.  Furthermore, Debtor's petition is not being prosecuted in good faith.  For those reasons, it is appropriate to grant Movant's request and allow the Superior Court of Glynn County to proceed in enforcing its Orders.

O R D E R

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Movant's Motion for Relief from Stay is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 24 day of May, 2005.

cc:   Debtor *Cottingham*
      Debtor's Atty. *Weiss*
      Creditor
      Creditor's Atty. *Sowerby*
      Trustee *Massey*
      U. S. Trustee

5/24/05

6